## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| LAUREN GREENE | ) |
| 345 Sumter Street | ) |
| Apartment B | ) |
| Charleston, SC 29403 | ) |
|                     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE OFFICE OF REPRESENTATIVE | ) Case No. 1:14-cv-02110 (RC) |
| BLAKE FARENTHOLD | ) |
| 1027 Longworth House Office Building | ) |
| Washington, D.C. 20515 | ) |
| | ) |
|                     Defendant. | ) |

_____)

## ANSWER

Defendant, the Office of Representative Blake Farenthold  ("Office" or "Defendant")[1], by

and through undersigned counsel[2], herein submits its answer and affirmative defenses to the

allegations contained in Plaintiff Lauren Greene's ("Plaintiff" or "Greene") Complaint.

Defendant denies that Plaintiff has any claim against Defendant and denies that Plaintiff

sustained any damages on account of any alleged action or alleged omission of Defendant.

_____

[1]     At times the Complaint refers to the Defendant as Representative Farenthold.  *See*, *e.g.*, paragraphs five and eight.  This is clear error.  It is well established that the only viable defendant in a case brought under the Congressional Accountability Act ("CAA") is an employing office.  2 U.S.C. §§1301(9), 1408(b).  In this case, the employing office/defendant is the Office of Representative Blake Farenthold, not Representative Farenthold (hereinafter "Rep. Farenthold") personally or individually.  *Id.*; *Hamilton-Hayyim v. Office of Congressman Jesse L. Jackson, Jr.*, No. 12 C 6392, 2014 WL 1227243, at *2 (N.D. Ill. Mar. 25, 2014); *Packer v. U.S. Comm'n on Sec. and Cooperation in Europe*, 843 F. Supp. 2d 44 (D.D.C. 2012).

[2]     The Office of House Employment Counsel ("OHEC") appears on behalf of Defendant pursuant to 2 U.S.C. § 1408(d).

## JURISDICTION

1.        Defendant admits that the CAA vests this Court with jurisdiction over claims against employing offices brought under the Act and that 2 U.S.C. §1408(a) is the correct citation to the statutory provision providing such jurisdiction.  Defendant denies that the other statutory provisions cited by Plaintiff in paragraph one are applicable to this case.  Defendant further denies that this Court has subject matter jurisdiction over some or all of Plaintiff's claims. *See*, *e.g.*, *infra* paragraph 6.

2.        Defendant admits that Plaintiff purports to bring a claim pursuant to the statute cited.  Defendant denies that it violated the CAA.

3.        Denied.  Answering further, Defendant admits that Plaintiff was employed in its Washington, D.C., office and, therefore, that this jurisdiction is the proper one for adjudication of Plaintiff's allegations pursuant to 2 U.S.C. §1404(2), subject to Defendant's affirmative defenses.

4.        Denied as stated.  Defendant avers that Plaintiff held the title of Communications Director from February 5, 2014, until July 10, 2014, when she was terminated for poor performance and failure to report to work and appear for multiple media events, and that Plaintiff's termination was further supported by Defendant's discovery that Plaintiff lied to Defendant about the circumstances of her absence.  Defendant denies the implication that Plaintiff held this title for the entire period of her employment with Defendant.

5.        Denied.  As noted above, *see supra* note 1, Rep. Farenthold is not, and cannot be, a defendant in this action.  Defendant admits that Defendant has an office in the District of Columbia and that Blake Farenthold is the United States Representative for the 27th Congressional District of Texas.

6.      Defendant denies the allegations of paragraph six as stated.  Defendant admits that Plaintiff requested counseling with the Office of Compliance on July 31, 2014, and that she requested mediation on August 26, 2014.  Defendant further admits that a mediation session was held from 10:00 am until 11:10 am on October 9, 2014.  Defendant denies that Plaintiff's participation in that mediation session fulfilled her obligations under the CAA pursuant to the good faith requirement identified in *Blackmon-Malloy v. United States Capitol Police Bd.,* 575 F.3d 699, 714 (D.C. Cir. 2009).  Accordingly, this Court may lack subject matter jurisdiction over some or all of Plaintiff's claims.  *See Taylor v. Office of Rep. John J. Duncan, Jr.*, No. 3:09-CV-318, 2011 WL 826170 (E.D.Tenn. Mar 2, 2011).  Defendant admits that Plaintiff filed the Complaint within the time periods identified in the last clause of paragraph six of the Complaint.

## BACKGROUND FACTS

7.      Admitted.

8.      Defendant admits that Plaintiff worked for the Office of Representative John Sullivan from September 30, 2009 (initially as an intern) until that office ceased to exist on January 2, 2013.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that Plaintiff was an "experienced staffer." Defendant denies that Plaintiff worked for "Defendant Farenthold." *See supra* note 1.

9.      Defendant denies the allegations of paragraph nine as stated.

10.      Defendant admits that some staff occasionally joked that Rep. Farenthold finds redheads attractive, but denies the allegation's implication that this was a source for, or cause of, concern for any staffer.  The remaining allegations of paragraph ten are denied.

11.      Defendant admits the allegations of paragraph eleven, except denies that the woman who propositioned Rep. Farenthold was a lobbyist and denies the allegation's

implication that Rep. Farenthold told his staff about the proposition for an improper or lascivious purpose.

12.     Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that Plaintiff was "concerned." Defendant denies that Plaintiff made "outreach efforts," denies that Rep. Farenthold avoided interacting with Plaintiff, and denies that any action by Rep. Farenthold or Defendant made Plaintiff's work difficult. Answering further, Defendant avers that it was Plaintiff who failed to adequately interact with Rep. Farenthold and her lack of appropriate outreach was detrimental to the performance of her job duties.

13.     Defendant denies the allegations of paragraph thirteen as stated. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations regarding the motivation for Plaintiff's alleged conversation(s) with Ms. Wilkes on or about January 7, 2014.

14.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the substance or motivation for Plaintiff's conversation(s) with Ms. Wilkes and, therefore, denies the allegation as stated. Defendant denies that Rep. Farenthold was "attracted to Plaintiff," that he had "sexual fantasies" about Plaintiff, or that he had "wet dreams" about Plaintiff.

15.     Defendant admits that Rep. Farenthold was aware that Ms. Wilkes and Plaintiff were friends. Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegation that Ms. Wilkes and Plaintiff were "confidantes." The remaining allegations in paragraph fifteen are denied.

16.     Defendant denies the allegations stated in paragraph sixteen to the extent they assert that Rep. Farenthold was attracted to, had sexual fantasies about, and/or was infatuated with Plaintiff.  Defendant is without sufficient knowledge or information to form a belief as to the nature and source of Plaintiff being õuncomfortableö in the workplace, except to aver that Plaintiff expressed concern to witnesses that her job might have been in danger because of her performance.  Defendant admits that Bob Haueter served as District Director for Defendant and was eventually promoted to Chief of Staff.  The remaining allegations in paragraph sixteen are denied.

17.     Admitted.

18.     Defendant denies the allegations in paragraph eighteen as stated.  Defendant admits that, after the prior Communications Director resigned, Plaintiff was offered the Communications Director position.  Defendant admits that Plaintiff changed her email signature to reflect her new title, as would be appropriate.  Defendant admits that Plaintiff was made Communications Director as of February 5, 2014.

19.     Defendant admits that at least two other individuals ó both male ó were interviewed for the position of Communications Director.  Defendant admits that Bob Haueter was the Acting Chief of Staff at the time of Plaintifføs interview and promotion to the Communications Director position.  Defendant admits that Plaintiff was selected for the Communications Director position over other candidates who were interviewed for the position. Defendant admits that Plaintiff was made Communications Director initially on a trial basis. Defendant admits that Mr. Haueter observed that it was a good time to be interviewing for a Communications Director position on the Hill.  The remaining allegations in paragraph nineteen are denied.

20.     Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiff öbelievedö regarding her communications with Rep. Farenthold.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations regarding the content of discussions solely between Ms. Wilkes and Plaintiff.  Defendant admits that Plaintiff was selected for the Communications Director position after an interview process that included interviewing at least two other candidates - both of whom were male.  The remaining allegations in paragraph twenty are denied.

21.     Defendant admits that Plaintiff was offered the position of Communications Director on or about February 4, 2014.  Defendant is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the allegations regarding what Plaintiff öbelievedö regarding her meeting with Mr. Haueter on or about February 4, 2014. The remaining allegations in paragraph twenty-one are denied.

22.     Denied.

23.     Denied.

24.     Defendant denies the allegations in paragraph twenty-four as stated.  The phrase öprivate, one-on-one settingsö as stated in this paragraph is vague and ambiguous.  Answering further, Defendant avers that Rep. Farenthold rarely met with individual staffers behind closed doors.  Defendant avers that Rep. Farenthold often had one-on-one conversations with Plaintifføs predecessor (also female) because Plaintifføs predecessor was proactive in meeting her duties and responsibilities as Communications Director, which included actively seeking the Memberøs input on responses to press releases and other communications with the press and public.

Finally, Defendant avers that Plaintiff's ineffectual approach to her job was in "stark contrast" to

that of her predecessor.  The remaining allegations in paragraph twenty-four are denied.

      25.      Defendant denies that Rep. Farenthold had "fantasies" about Plaintiff.  Defendant

is without sufficient knowledge or information to form a belief as to the truth of, and on that

basis denies, the allegation that Plaintiff was "uncomfortable" around Rep. Farenthold.

Defendant is without sufficient knowledge or information to form a belief as to the truth of, and

on that basis denies, the allegation that Plaintiff was "anxious to avoid private meetings" with

Rep. Farenthold.  Answering further, the allegations in the Complaint are inconsistent because

the private meetings Plaintiff allegedly sought to avoid as described in paragraph twenty-five are

the very meetings Plaintiff apparently felt deprived of, as stated in paragraph twenty-four.

      26.      Defendant denies the allegations as stated in paragraph twenty-six.  Defendant

admits that Rep. Farenthold occasionally complimented Plaintiff on her appearance.  Defendant

avers that Rep. Farenthold occasionally complimented other staffers – both men and women – on

their appearance.  Defendant is without sufficient knowledge or information to form a belief as to

the truth of, and on that basis denies, the allegation that Rep. Farenthold joked with Plaintiff

about an alleged compliment of her appearance constituting "sexual harassment."  Defendant

denies that Rep. Farenthold stated – either implicitly or explicitly – that Plaintiff appeared to

have semen on her clothing, or that a "reasonable person" would infer the same.  Defendant

admits that Rep. Farenthold once pointed out to Plaintiff that her skirt was not zipped properly.

Defendant denies that Rep. Farenthold was "staring at [Plaintiff] closely."  Answering further,

Defendant avers that Rep. Farenthold and others in the office noticed and/or pointed out to

Plaintiff on a number of occasions that Plaintiff would report to work with an extensive amount

of animal hair on her clothing.  Defendant is without sufficient knowledge or information to form

a belief as to the truth of, and on that basis denies, the allegations of the final sentence in paragraph twenty-six.

27.     Defendant denies that Rep. Farenthold told Ms. Wilkes that "Plaintiff could show her nipples whenever she wanted to."  Defendant admits that, after Plaintiff became Communications Director, there was an occasion in which Plaintiff reported to work in a shirt and bra that were made of such flimsy fabric that Plaintiff's nipples were visible, and that such attire was inappropriate for the Communications Director for a Member of Congress.  Defendant admits that Ms. Wilkes informed Plaintiff that her attire was inappropriate for the office.  The remaining allegations in paragraph twenty-seven are denied.

28.     Defendant admits that Ms. Wilkes has a close professional relationship with Rep. Farenthold as she has worked for Rep. Farenthold since he was first elected to Congress.  Defendant is without sufficient knowledge or information to form a belief regarding Plaintiff's "hopes" and, therefore, denies that allegation.  The remainder of paragraph twenty-eight contains allegations and terms that are vague, ambiguous, and/or contain self-serving legal conclusions that do not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the remaining allegations in paragraph twenty-eight.

29.     Paragraph twenty-nine contains allegations and terms that are vague, ambiguous, and/or contain self-serving legal conclusions that do not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations in paragraph twenty-nine.

30.     Defendant denies the allegations contained in the introductory sentence of paragraph thirty.

        a.  Denied.

b.  Defendant admits that, as Communications Director, Plaintiff was expected to visit with media outlets in Defendant's district and that she was expected to appear for the meetings on time, and with the appropriate professional demeanor. Defendant admits that Mr. Haueter denied Plaintiff's original proposal that a D.C. staffer travel to the district for the purpose of driving Plaintiff throughout the district.   The remaining allegations in paragraph 30(b) are denied.

c.  Defendant admits that Mr. Haueter worked with Defendant's staff to arrange for appropriate *district* staffers to meet Plaintiff in the district and guide her to the meetings with various media outlets.  The remaining allegations in paragraph 30(c) are denied.

d.  Denied.

e.  As stated earlier, Defendant admits that there was an occasion in which Plaintiff reported to work in a shirt and bra that were made of such flimsy fabric that Plaintiff's nipples were visible.  Defendant admits that Ms. Wilkes volunteered to inform Plaintiff that Plaintiff's attire was inappropriate for the office and that Rep. Farenthold and Mr. Haueter agreed that it would be less embarrassing to Plaintiff if Ms. Wilkes addressed this issue with her, rather than Mr. Haueter.  The remaining allegations in paragraph 30(e) are denied.

31.  Defendant admits that on about about June 12, 2014, Rep. Farenthold met with Plaintiff.  Defendant admits that Plaintiff requested the meeting to complain that she felt Mr. Haueter was "mean" to her.  Defendant denies that Plaintiff complained of any conduct or behavior based on her gender.  Defendant admits that Rep. Farenthold suggested to Plaintiff that she be more assertive with Mr. Haueter.  The remaining allegations in paragraph thirty-one are

denied as stated.  Answering further, Defendant avers that Plaintiff reported to at least two witnesses that she felt the meeting with Rep. Farenthold went well.

32.     Paragraph thirty-two contains self-serving legal conclusions that do not require a response from Defendant.  To the extent a response is deemed required, Defendant denies the allegations in paragraph thirty-two.

33.     Defendant denies that either Rep. Farenthold or Mr. Haueter marginalized or undermined Plaintiff, curtailed their interactions with her, usurped her Communications Director duties, or ignored communications from her.  Defendant denies that Plaintiff was treated any differently after her breakfast meeting with Rep. Farenthold.  Answering further, Defendant avers that, as a result of Plaintiff's inadequate job performance as Communications Director, Rep. Farenthold, Mr. Haueter, and other of Defendant's staffers were forced to perform a significant amount of Plaintiff's work for her.

34.     Defendant admits that Plaintiff was informed on July 10, 2014, that her employment with Defendant was being terminated.  Answering further, Defendant avers that Plaintiff was informed of the decision to terminate her employment the day after Plaintiff failed to report to work and appear for multiple media events.  The remaining allegations in paragraph thirty-four are denied.

35.     Defendant admits that Plaintiff was not specifically told that her failure to improve her performance would lead to her termination.  Answering further, however, Defendant avers that Plaintiff stated to witnesses on multiple occasions that she (Plaintiff) suspected that she was going to lose her job as a result of the Member's and/or Mr. Haueter's disappointment in her performance.

## COUNT I: HOSTILE WORK ENVIRONMENT

36.     Defendant hereby refers to and incorporates its responses to paragraphs one through thirty-five above.

37.     Denied.

38.     Denied.

## COUNT II: GENDER DISCRIMINATION

39.     Defendant hereby refers to and incorporates its responses to paragraphs one through thirty-eight above.

40.     Denied.

41.     Denied.

## COUNT III: RETALIATION FOR ENGAGING [sic] PROTECTED ACTIVITY

42.     Defendant hereby refers to and incorporates its responses to paragraphs one through forty-one above.

43.     Denied.

44.     Denied.

Answering the unnumbered paragraph found on page nine of the Complaint (the prayer for relief), the allegations in this paragraph contain legal conclusions which do not require a response.  To the extent a response is deemed required, Defendant denies that Plaintiff has any valid claim against Defendant and denies that Plaintiff sustained any damages on account of any alleged action or alleged omission of Defendant.  Defendant further denies that Plaintiff is entitled to any damages of any kind, including but not limited to back pay, front pay, compensatory damages, õcosts and expensesö and/or attorneysøfees.

Any and all allegations not heretofore expressly admitted are denied.

11

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to prove the claims asserted in the Complaint and to establish her alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Some of Plaintiff's claims may be untimely and this Court may lack subject matter jurisdiction over some or all of Plaintiff's claims due to Plaintiff's failure to properly engage in the CAA's counseling and mediation process.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of harassment, discrimination, or retaliation.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed because Defendant's actions were all based on legitimate, non-discriminatory and non-retaliatory reasons, and were not based on Plaintiff's gender or any other illegal factor.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's employment relationship with Defendant was at-will and could be terminated at any time, for any non-discriminatory or non-retaliatory reason, or for no reason at all.

## SIXTH AFFIRMATIVE DEFENSE

Defendant and its employees acted reasonably and in good faith at all material times herein based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

On information and belief, Plaintiff may have failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or damages are barred, in whole or in part, by the after-acquired evidence doctrine.

## NINTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims may be barred by Plaintiff's unreasonable failure to take advantage of any preventive or corrective opportunities provided by the employing office or to avoid harm otherwise.  *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807 (1998).

## TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Some of Plaintiff's claims may be barred or limited by the Speech or Debate Clause in Article I, Section 6 of the United States Constitution.

Defendant reserves the right to prepare and to present additional affirmative defenses and to supplement or amend Defendant's Answer to the Complaint.

Respectfully submitted,

DEFENDANT OFFICE OF REPRESENTATIVE
BLAKE FARENTHOLD

By:       _____/s/_____
          Ann R. Rogers, D.C. Bar # 441622
          Russell H. Gore, D.C. Bar # 449231
          Gloria J. Lett, D.C. Bar # 293365

          U.S. House of Representatives
          Office of House Employment Counsel
          4300 O'Neill Federal Building
          Washington, D.C. 20515
           (202) 225-7075
          Ann.Rogers@mail.house.gov
          Russell.Gore@mail.house.gov
          Gloria.Lett@mail.house.gov

          Attorneys for Defendant

Dated:    February 12, 2015